14-3185-cv
Chukwueze v. New York City Employees' Retirement System

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of March, two thousand sixteen.

PRESENT:
> PIERRE N. LEVAL,
> ROSEMARY S. POOLER,
> RICHARD C. WESLEY,
> *Circuit Judges.*

---

Omar Chukwueze,

> *Plaintiff-Appellant*,

> v.                                            14-3185-cv

NYCERS (New York City Employees' Retirement System),

> *Defendant-Appellee.*

---

FOR PLAINTIFF-APPELLANT:              Omar Chukwueze, pro se, Brooklyn, NY.

FOR DEFENDANTS-APPELLEES:             Antonella Karlin, of Counsel, (Cecelia Chang, of Counsel, *on the brief*), *for* Zachary W. Carter,

Corporation Counsel of the City of
New York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Furman, *J.*)

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-appellant Omar Chukwueze, proceeding pro se, appeals the district court's judgment, in which it dismissed in part and granted summary judgment in favor of defendant-appellee New York City Employees' Retirement System with respect to his Title VII claims. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review the grant of a motion to dismiss and a motion for summary judgment de novo. *Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir. 2003). The burden-shifting framework in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), applies to Chukwueze's claims for retaliation and wrongful termination. *See Kirkland v. Cablevision Sys.*, 760 F.3d 223, 225 (2d Cir. 2014).

To make a prima facie showing of retaliation,

> a plaintiff must submit sufficient admissible evidence to allow a trier of fact to find: (i) conduct by the plaintiff that is protected activity under Title VII; (ii) of which the employer was aware; (iii) followed by an adverse employment action of a nature that would deter a reasonable employee from making or supporting a discrimination claim; (iv) that was causally connected to the protected activity.

*Cox v. Onondaga Cty. Sheriff's Dep't*, 760 F.3d 139, 145 (2d Cir. 2014). Informal complaints may constitute protected activity. *Treglia v. Town of Manlius*, 313 F.3d 713, 720 n.5 (2d Cir. 2002). However, for a complaint to constitute activity protected by Title VII, it may not be so "generalized" that the employer "could not reasonably have understood that [the plaintiff] was complaining of conduct prohibited by Title VII." *Rojas v. Roman Catholic Diocese of Rochester*, 660 F.3d 98, 108 (2d Cir. 2011) (internal quotation marks omitted). Here, the admissible evidence establishes that Chukwueze complained only generally about his treatment. Moreover, Chukwueze has not proffered sufficient evidence for a jury to find that, but-for his complaints, he would not have been terminated. *See Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 133 S. Ct. 2517, 2533 (2013).

To make a prima facie showing of wrongful termination, "a plaintiff must show that he (1) is a member of a protected class; (2) was performing his duties satisfactorily; (3) was discharged; and that (4) his discharge occurred under circumstances giving rise to an inference of discrimination on the basis of his membership in the protected class." *Graham v. Long Island*

2

*R.R.*, 230 F.3d 34, 38 (2d Cir. 2000). If the plaintiff makes a prima facie case, "the burden shifts to the employer to articulate a legitimate, non-discriminatory reason for the [plaintiff's] dismissal." *Id.* "If such a reason is proffered, the burden shifts back to the plaintiff to prove that discrimination was the real reason for the employment action." *Id.* Here, the uncontroverted evidence shows that Chukwueze was fired for a legitimate non-discriminatory reason: he submitted a false overtime sheet and was fired shortly thereafter. Chukwueze has not submitted sufficient evidence to carry his burden of providing that he was fired for a discriminatory reason.[1]

Finally, Chukwueze has abandoned any claims not raised in his brief. *See LoSacco v. City of Middletown*, 71 F.3d 88, 92-93 (2d Cir. 1995) (concluding that pro se appellant abandoned issue by failing to raise it in his appellate brief).

We have considered Chukwueze's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[1] The district court also cited in favor of the employer that Gaddy had long been acquainted with Chukwueze's religious beliefs, since Chukweze had on numerous occasions asked for religious holidays, citing in support a case relying on the same actor inference. We do not agree that this supported defendant's position because, in the previous instances, Gaddy had expressed displeasure at plaintiff's requests for religious accommodations. Nonetheless, the other aspects of the district court's reasoning remain persuasive.